## COMMONWEALTH *vs.* CHARLES MERRIAM.

A commissioner appointed by the superior court to admit prisoners to bail may act, al-
though the court is in session for proceedings before the grand jury.

If such commissioner has taken and returned into court a recognizance which is imperfect
in form, from one who upon the finding of an indictment against him has been ordered
to stand committed until he should recognize with sureties in a certain sum, he may after-
wards make and return an amended recognizance, although in the mean time the parties
have been called and defaulted upon the defective recognizance; and an action may
thereupon be maintained upon the amended recognizance, without the entry of a new
default.

CONTRACT upon a recognizance entered into by the defendant
as surety for Charles Demont.

At the trial in the superior court, before *Vose,* J., without a
jury, the following facts appeared : At November term 1862
of the superior court, Demont was indicted for larceny from the
person, pleaded not guilty, and entered into a recognizance for
his future appearance, upon which he was summoned into court
by his sureties, and at February term 1863 he was ordered to
recognize for his future appearance in the sum of $3000, and in
default thereof to be committed. He failed to recognize, and on
the 28th of February was committed to jail. On the 4th of

March 1863, Demont as principal and the defendant and another person as sureties entered into a recognizance before a standing commissioner appointed by the superior court, at the jail, in compliance with the above order. The superior court for the transaction of criminal business was then in session, but the presiding justice for that term was not personally in court. The grand jury were in session, and the court was kept open during the week without a daily adjournment. The commissioner returned a certified memorandum of the recognizance, which was numbered and filed in the usual manner, and on the 21st of April 1863, at April term, the principal and sureties were called and defaulted. This memorandum of the recognizance appeared to be imperfect in form, and on the next day, at the suggestion of the clerk, the commissioner returned another certified memorandum of the recognizance, which was on the same day numbered and filed in the usual manner; and on the 24th of the same April the present action was commenced, declaring upon the second memorandum of the recognizance.

Upon these facts the judge found for the plaintiffs, and the defendant alleged exceptions.

*E. M. Bigelow,* for the defendant. Upon this recognizance, no default was entered. *Bridge* v. *Ford,* 4 Mass. 641. *Johnson* v. *Randall,* 7 Mass. 340. *Commonwealth* v. *Bail of Gordon,* 15 Pick. 193. *Commonwealth* v. *M'Neill,* 19 Pick. 127. *Commonwealth* v. *Baird,* 9 Met. 407. This recognizance was not taken in court, or returned at the court at which it was returnable. It was returned after the default relied upon, and without leave of court. This case is thus distinguished from *Commonwealth* v *M'Neill.* The sureties were not bound to produce Demont in court till the recognizance was returned there. Until then, they could not justify in an action for false imprisonment. A replication of *nul tiel record* would be good. *Tarbell* v. *Gray,* 4 Gray, 444, and cases cited. *People* v. *Van Eps,* 4 Wend. 393. 2 Saund. 71 b, *n.* 4.

*Foster,* A. G., for the Commonwealth.

DEWEY, J. The commissioner was authorized to act in the present case, and the fact that the court was in session for

proceedings before the grand jury did not affect his right to act as such commissioner in taking the recognizance.

Upon the proper plea, that of *nul tiel record,* it would have appeared that precisely such a recognizance as is set forth in the declaration was taken and returned to the clerk of the court by the commissioner. The sufficiency of the recognizance as to form, if this were the whole case, would not be denied. But the supposed defect in the proceedings is, that the party has not been properly called and defaulted upon the recognizance declared upon. If we go to the facts stated in the case it will appear that there had been a previous return of a recognizance taken by the commissioner in the same matter, but which is assumed by the parties to be insufficient in itself and wanting in fulness of statement, and it was upon this recognizance that the party was called and defaulted; and the additional recognizance was not returned until the day succeeding that on which the default was entered, and it was done upon the suggestion that further recitals were necessary.

Such being the case, two questions arise: 1. Whether a default may not be entered upon a recognizance, while the recognizance yet remains evidenced only by short memoranda, made by the party taking the same, and before the same is extended, in a case like the present, where all the proceedings are in the same court and by its officers; 2. Whether the default on the recognizance first returned, and upon which the party was called and defaulted, does not constitute a sufficient default, the second being only a more full extension of the record, which, having been properly made, may be taken as the proper return upon which to institute the action.

As regards recognizances taken by magistrates returnable to higher courts and conditioned for the appearance there of the principal party recognizing, it would seem that there could be no case before such courts until the return and filing of the extended recognizance in such court. Hence the provision in Gen. Sts. *c.* 170, § 40, providing that all magistrates shall return all recognizances to the clerk of the court or district attorney on or before the first day of the sitting of the court.

But **the** present was a case of a recognizance by a party to appear in the same court that ordered the recognizance. Had this recognizance been taken in open court by the clerk, and a mere brief memorandum thereof made on the docket of the clerk, to be drawn out at large, as all entries are, at a future day, we should have no doubt that the party might have been called and defaulted upon his recognizance, before the same had been fully extended. Such a recognizance is often given for an appearance at a short period distant, or from day to day, and the default is entered at once, leaving the extended record to be made up before any *scire facias* shall issue. So in the case of a hearing on a *habeas corpus*, when a recognizance is taken by the judge of this court for the appearance of the party or the production of a child before him, at some future day, no one ever supposed that it was necessary for the judge to draw out the extended record of the recognizance with all its proper recitals before he could default the party upon his failure to be present at the day stipulated. The manner of taking a recognizance, as always practised here, following the course adopted in England, does not require any paper or instrument to be drawn up and signed by the parties recognizing, nor even to be read to them. It is a brief form, omitting many of the recitals which would necessarily appear in an extended record of the same. It is said in 5 Burn's Justice, (28th ed.) 324, that " it is usual for the justice to mark at the foot of the examination, ' A. B. in £40, to appear, &c.,' and from such short note to make out a record afterwards." " Yet," says Dalton, " a recognizance taken by a justice of the peace is matter of record presently, so soon as it is taken and acknowledged, although it be not made up." Dal-'on's Justice, 439. Very similar to this is the practice with our courts and inferior magistrates.

The right to amend after the first return of a recognizance, and declare upon the amended return in the writ of *scire facias,* is directly settled in the case of *Commonwealth* v. *M'Neill,* 19 Pick. 127, 138. It is also held to be quite immaterial at whose suggestion the amended or more full return was made. The court say : " Had the justices from any source ascertained that

they had sent an imperfect record, they would have been at liberty, within a reasonable time, to have sent a more perfect one." That case would meet the present, and furnish a precedent, but for this difference, that in that case the second return was actually filed before the party was defaulted on his recognizance. But that was a case of a recognizance taken by an inferior court, conditioned for the appearance of the party at a superior court, and the recognizance was returnable to the superior court, and its being returned and filed was the only evidence that the court could have of its having been taken.

It is true that the recognizance was not taken in open court, but by a commissioner appointed for that purpose. The commissioner here exercised no discretion, but carried into effect a specific order of the court, ordering the party to recognize, and fixing the amount of the recognizance.

This is not the case, therefore, of a recognizance taken by an inferior court for the appearance of a party before a superior tribunal, and where, in the latter court, there could be no proceedings upon the recognizance until the same had been extended and filed ; but it is the case of a recognizance to appear at the same court that ordered it to be taken by one of its own officers. We think this circumstance, with the further fact that a memorandum of the taking of such recognizance, although not as fully extended as that afterwards returned by the commissioner, had been returned by him to the court, gave the court sufficient jurisdiction to call the party and note his default, and he and his sureties thereby became liable to be charged upon *scire facias* upon the more extended recognizance certified by the commissioner.                    *Exceptions overruled.*